# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| United States of America, <br>     Plaintiff; <br>  v. <br> Alamance County, *et al.*, <br>     Defendants. | No. 11-cv-507 <br><br> UNITED STATES' MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO DISMISS THE AMENDED COMPLAINT AS MOOT |

## INTRODUCTION

The United States respectfully asks this Court to dismiss its Amended Complaint, ECF No. 17, and this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Amended Complaint seeks a declaration from this Court that North Carolina Rule of Professional Conduct 4.2 ("Rule 4.2") permits the United States to interview certain Alamance County Sheriff's Office ("ACSO") personnel outside the presence of Defendants' counsel prior to the commencement of civil enforcement proceedings. Since filing the Amended Complaint on July 14, 2011, the United States has continued to investigate ACSO's discriminatory policing activities. The United States recently concluded its 27-month investigation and prepared its formal Findings for release to ACSO counsel and the public. Today the United States issued those Findings, attached as Exhibit A. As the United States no longer seeks to interview ACSO officers for investigative purposes, there is no longer an "actual controversy" ripe for declaratory relief. Accordingly, this Court should dismiss the Amended Complaint.

**DISCUSSION**

The United States filed this action to clarify that Rule 4.2 permits it to conduct pre-enforcement investigative interviews with ACSO personnel outside the presence of Defendants' counsel. The text of Rule 4.2(a) plainly contemplates such interviews, providing that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." N.C. R. Prof. C. 4.2(a). Comment 6 to Rule 4.2 states that communications "authorized by law" include the investigative activities of government lawyers "prior to the commencement of criminal or civil enforcement proceedings." N.C. R. Prof'l Conduct 4.2 cmt. 6.[1] Circuit courts interpreting these provisions have consistently found that they allow government attorneys to conduct pre-suit interviews outside the presence of counsel. *See* United States' Mot. for Summ. J. at 9, ECF No. 18.

Nonetheless, Defendants contend that Rule 4.2 prohibits such interviews during the United States' investigation into allegations of ACSO's discriminatory policing against Latinos in Alamance County. Defendants' position impeded the United States' access to an important source of information about ACSO's practices. Indeed, during the

---

[1] While the authorized by law exception was the primary basis on which the United States asked this Court to find that Rule 4.2 permits interviews outside the presence of Defendants' counsel, the United States also pointed out that some ACSO personnel were not "represented parties" to whom the rule applies. *See* U.S. Mot. for Summ. J. at 11-14. As with the applicability of the authorized by law exception, the conclusion of the United States' investigation means that there is no longer an actual controversy regarding the "represented parties" issue.

2

United States' investigation, numerous ACSO personnel expressed concerns about discussing ACSO's practices in front of Defendants' counsel, as they feared that the Alamance County Sheriff or other County or ACSO officials would retaliate against personnel who cooperate with the investigation. *See* Am. Compl. ¶¶ 4, 50. The United States thus sought this Court's judgment that Rule 4.2's "authorized by law" exception allows interviews outside the presence of Defendants' counsel. *See* Am. Compl. ¶ 5.

Due to the importance of the constitutional and federal rights at stake, the United States continued to investigate ACSO's practices while its request for a declaratory judgment was pending. To date, the United States has reviewed documents and information provided by Defendants, interviewed more than 125 individuals, and conducted a statistical analysis of ACSO's law enforcement operations. Based on these various investigative methods, the United States determined that ACSO is engaged in a pattern and practice of discriminatory policing against Latinos. Today the United States issued the Findings of its investigation, explaining that ACSO's discriminatory enforcement activities violate the Equal Protection Clause of the Fourteenth Amendment and the Fourth Amendment's protection against unreasonable seizures. *See generally* Exhibit A, at 7-9. As explained in its Findings, the United States seeks to negotiate a cooperative agreement to vindicate the important rights violated by ACSO's practices. If such an agreement is not possible, the United States will promptly seek legal remedies.

In light of these developments, there is no longer a dispute that is ripe for declaratory relief. The United States has concluded its investigation of ACSO and

consequently no longer seeks to conduct pre-enforcement investigative interviews with ACSO personnel. If the Parties are unable to reach a cooperative resolution addressing ACSO's discriminatory enforcement practices, the United States will file a complaint seeking relief from the Court. During any such litigation, the United States will gather additional information from represented ACSO personnel through formal discovery procedures rather than pre-suit investigative interviews. Accordingly, there is no longer an "actual controversy between the parties" ripe for resolution by this Court. *See Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 22 U.S.C. § 2201).

As there is no "actual controversy" ripe for declaratory relief, the United States respectfully asks the Court to dismiss the United States' Amended Complaint and terminate the declaratory judgment action. Counsel for Alamance County and Sheriff Johnson consent to the United States' motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss the Amended Complaint as moot.

    Respectfully submitted,

| | |
|---|---|
| RIPLEY RAND | THOMAS E. PEREZ |
| United States Attorney | Assistant Attorney General |
| Middle District of North Carolina | Civil Rights Division |
| | |
| GILL P. BECK | ROY L. AUSTIN, JR. |

4

North Carolina Bar Number: 13175
Assistant United States Attorney
Chief, Civil Division
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC 27402
Tel: (336) 333-5351
gill.beck@usdoj.gov

Deputy Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief
Special Litigation Section
Civil Rights Division

AVNER M. SHAPIRO
DC Bar Number: 452475
Special Counsel
Special Litigation Section
Civil Rights Division

*s/ Samantha K. Trepel*
SAMANTHA K. TREPEL
DC Bar Number: 992377

*s/ Michael J. Songer*
MICHAEL J. SONGER
DC Bar Number: 975029
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-6255
Fax: (202) 514-4883
samantha.trepel@usdoj.gov
michael.songer@usodj.gov

Attorneys for the United States

5

# CERTIFICATE OF SERVICE

I certify that the foregoing United States' Memorandum in Support of Its Unopposed Motion To Dismiss the Amended Complaint as Moot was served through the electronic filing service on September 18, 2012, to the following individuals:

Clyde B. Albright
Benjamin C. Pierce
Alamance County Attorney's Office
124 West Elm Street
Graham, NC 27253
clyde.albright@alamance-nc.com
ben.pierce@alamance-nc.com

Attorneys for Defendant Alamance County

S.C. Kitchen
Turrentine Law Firm
920-B Paverstone Dr
Raleigh, NC 27615
ckitchen@turrentinelaw.com

Attorney for Defendants ACSO and Sheriff Johnson

                                        *s/ Samantha K. Trepel*
                                        SAMANTHA K. TREPEL
                                        Attorney for the United States